## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TYCAS B. JORDAN,** | : | **CIVIL NO. 1:16-CV-1261** |
| | : | |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **JOHN A. ROWLEY, ANGELA** | : | |
| **HOOVER AND LT. MOORE,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

Plaintiff Tycas Jordan ("Jordan"), a former inmate housed at the Clinton County Correctional Facility ("CCCF"), McElhattan, Pennsylvania, commenced this action pursuant to 42 U.S.C. § 1983.[1] (Doc. 1). Named as defendants are Warden John Rowley, Deputy Warden Angela Hoover, and Lieutenant Jacqueline Moore. (Id.) Before the court is defendants' motion (Doc. 16) to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion will be granted.

## I.    Allegations of the Complaint

Jordan was a state inmate who was temporarily housed at the CCCF for technical violations. (Doc. 1, at 5). During a period of six (6) months at the CCCF, Jordan alleges that he was denied outdoor exercise, recreation, and fresh air. (Id.)

---

[1] In an effort to ascertain the custodial status of Jordan, the court accessed the Vinelink online inmate locator, which revealed that he is not in custody. Upon entering Jordan's identifying information into the Vinelink online system, https://vinelink.com/#/search, his status was returned as: "out of custody."

Prison officials allegedly informed Jordan that the prison yards were closed for security updates. (Id.)

Jordan asserts that inmates should be provided at least two (2) hours of outdoor exercise per day. (Id.) He explains that the CCCF has an indoor gym with a gate that lifts up as a window, and has a screen with bars, but he claims that "it's not enough fresh air at all." (Id. at 3, 5). Jordan alleges that the lack of outdoor exercise and fresh air is "stressing [him] out physically and mentally." (Id. at 5).

Jordan further alleges that he was placed in the restricted housing unit ("RHU") for a period of thirty (30) days. (Doc. 1, at 6). He asserts that the CCCF Inmate Handbook provides that an inmate in segregation shall be afforded the opportunity for outdoor exercise and recreation five (5) days a week for a one (1) hour period. (Id. at 6-7).

Jordan states that he filed grievances pertaining to the lack of an opportunity for outdoor exercise and fresh air. (Doc. 1, at 8-11). Defendants allegedly denied his grievances. (Id.) In their responses, defendants informed Jordan that the CCCF is in full compliance with state requirements, and the prison yards were closed for security updates. (Id.)

For relief, Jordan seeks compensatory and punitive damages. (Doc. 1, at 9).

## II. <u>Standard of Review</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all

reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

**III.    Discussion**

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials.  See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988).

**A.    Claims of Alleged Violation of Prison Policy**

Jordan alleges liability based on defendants' violation of prison policies, procedures and rules, as set forth in the CCCF Inmate Handbook.  Specifically, Jordan alleges that defendants violated prison policy by failing to provide him with outdoor recreation and exercise five days a week for a one hour period when housed in the RHU.  However, a violation of an internal prison policy does not automatically rise to the level of a constitutional violation.  "[A] prison policy

4

manual does not have the force of law and does not rise to the level of a constitutional violation." Atwell v. Lavan, 557 F.Supp.2d 532, 556, n. 24 (M.D. Pa. 2008) (citing Mercy Catholic Med. Ctr. v. Thompson, 380 F.3d 142, 154 (3d Cir. 2004)). The Third Circuit has clearly stated that "agency interpretive guidelines 'do not rise to the level of a regulation and do not have the effect of law.'" Mercy Catholic Med. Ctr., 380 F.3d at 155 (citation omitted). Consequently, defendants cannot be liable simply for violating a prison policy and this claim will be dismissed. See Estrella v. Hogsten, 2007 WL 2065879 (M.D. Pa. July 16, 2007) (holding that mere failure of prison officials to follow their own regulations alone is not a constitutional violation).

## B. Eighth Amendment Claim

A prison official violates the Eighth Amendment when: (1) the prisoner suffers an objectively, sufficiently serious deprivation; and (2) the prison official acts with deliberate indifference to the prisoner's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Fortune v. Hamberger, 379 F. App'x 116, 122 (3d Cir. 2010) (stating, "an inmate [is required] to show that 'he is incarcerated under conditions posing a substantial risk of serious harm,' and that prison officials demonstrated a 'deliberate indifference' to his health or safety"). Under the first element, a "prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" Farmer, 511 U.S. at 834. To establish deliberate indifference under the second element, the prison official must: (1) know of and disregard an excessive risk to inmate health or safety; (2) be aware of facts from which an

inference could be drawn that a substantial risk of serious harm exists; and (3) draw the inference.  Id. at 837.

The complaint alleges that defendants violated Jordan's Eighth Amendment rights by failing to provide him with the opportunity for outdoor exercise and fresh air, which was "stressing [him] out physically and mentally." (Doc. 1, p. 5).  The complaint does not, however, allege that the lack of outdoor exercise and access to fresh air caused any physical injury, and does not state a constitutional violation. Moreover, Jordan does not claim that he was denied the opportunity for all exercise.  Rather, he only alleges that he was denied the ability to exercise outdoors. Jordan acknowledges that the CCCF has an indoor gym with a window that provides fresh air.  To establish an Eighth Amendment violation based on the denial of exercise, a prisoner "must demonstrate that such a denial is sufficiently serious to deprive [him] of the minimal civilized measure of life's necessities." Gattis v. Phelps, 344 F. App'x 801, 805 (3d Cir. 2009) (determining that the prisoner "was not guaranteed outdoor exercise at all times" and the limitation of exercise to three (3) days per week was insufficiently serious to implicate the Eighth Amendment), citing Tillman v. Lebanon County Corr. Facility, 221 F.3d 410, 418 (3d Cir. 2000).  "[M]eaningful recreation 'is extremely important to the psychological and physical well-being of the inmates.'"  Peterkin v. Jeffes, 855 F.2d 1021, 1031 (3d Cir. 1988) (quoting Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979)).  "However, lack of opportunity to exercise can only rise to a constitutional level 'where movement is denied and muscles are allowed to atrophy, [and] the health of the individual is threatened.'"  Dickens v. Danberg, 2012 U.S. Dist. LEXIS 80078, *18

(D. Del. 2012) (finding no constitutional violation for a three (3) month deprivation of exercise), quoting Spain, 600 F.2d at 199; see also Dockery v. Legget, 2012 U.S. Dist. LEXIS 96733, *68-69 (W.D. Pa. 2012); Austin v. Guarini, 1997 U.S. Dist. LEXIS 987, *11-14 (E.D. Pa. 1997) (finding no Eighth Amendment violation where the prisoner was deprived of the opportunity to use the exercise equipment in the gymnasium).  The court finds that the complaint fails to establish that the denial of outdoor exercise and fresh air was sufficiently serious to deprive him of the minimal civilized measure of life's necessities.  Consequently, Jordan's Eighth Amendment claim for denial of outdoor exercise and fresh air will be dismissed.  See Illes v. Deparlos, 2012 U.S. Dist. LEXIS 3192, *6-7 (M.D. Pa. 2012) (finding "insufficient evidence to support an inference of deliberate indifference to a substantial risk of serious harm" where the prisoner was denied out-of-cell exercise for twenty-eight (28) consecutive days).

### C.    Personal Involvement

Defendants also argue that Jordan fails to state a claim against them because they lack personal involvement in the alleged wrongs, and because Jordan's allegations against them are based solely on the doctrine of *respondeat superior*. (Doc. 17 at 9-11).  Individual liability can be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct and "cannot be predicated solely on the operation of respondeat superior."  Evancho, 423 F.3d at 353 (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998)).  "A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement can be shown through allegations of personal direction or of

actual knowledge and acquiescence." Rode, 845 F.2d at 1207-08; see also Rizzo v.

Goode, 423 U.S. 362 (1976); Atkinson v. Taylor, 316 F.3d 257 (3d Cir. 2003). Such

allegations, however, must be made with appropriate particularity in that a

complaint must allege the particulars of "conduct, time, place, and persons

responsible." Evancho, 423 F.3d at 354; Rode, 845 F.2d at 1207-08. Alleging a mere

hypothesis that an individual defendant had personal knowledge or involvement in

depriving the plaintiff of his rights is insufficient to establish personal involvement.

Rode, 845 F.2d at 1208.

A state prisoner's allegation that prison officials and administrators

responded inappropriately, or failed to respond to a prisoner's complaint or an

official grievance, does not establish that the officials and administrators were

involved in the underlying allegedly unconstitutional conduct. See Rode, 845 F.2d

at 1207-08 (concluding that after-the-fact review of a grievance is insufficient to

demonstrate the actual knowledge necessary to establish personal involvement);

Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006); see also Croom v. Wagner, No.

06-1431, 2006 WL 2619794, at *4 (E.D. Pa. Sept. 11, 2006) (holding that neither the

filing of a grievance nor an appeal of a grievance is sufficient to impose knowledge

of any wrongdoing); Ramos v. Pennsylvania Dept. of Corrections, 2006 WL 2129148,

at *2 (M.D. Pa. July 27, 2006) (holding that the review and denial of the grievances

and subsequent administrative appeal does not establish personal involvement).

Jordan claims that he filed grievances regarding his lack of outdoor exercise

and fresh air, and that defendants denied his grievances. To the extent that Jordan

is attempting to establish the personal involvement of defendants by way of their

responses to his grievances, the filing of a grievance is not sufficient to show the actual knowledge necessary to establish personal involvement.  See Pressley v. Beard, 266 F. App'x 216 (3d Cir. 2008) (prison officials cannot be held liable solely based on their failure to take corrective action when grievances or investigations were referred to them).  Defendants are entitled to dismissal from this action based on their lack of personal involvement in the alleged denial of Jordan's rights.  Therefore, the motion to dismiss will be granted on this ground.

IV.    **Leave to Amend**

When a complaint fails to present a *prima facie* case of liability, district courts must generally grant leave to amend before dismissing the complaint.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).  Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile."  Phillips, 515 F.3d at 245 (citing Alston v. Parker,

363 F.3d 229, 235 (3d Cir. 2004)).  For the reasons set forth herein, the court

concludes that allowing Jordan the opportunity to amend would be futile.

**V.**    **Conclusion**

Based on the foregoing, the motion (Doc. 16) to dismiss will be granted.  An

appropriate order will issue.


/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania


Dated:      June 29, 2017